Jude A. Akubuilo, SBN:147258
Law offices of Jude A. Akubuilo, Ph.D.
3655 Torrance Blvd., Suite 300
Torrance, Ca. 90503
310.406.3576 (telephone)
888.377.1995 (facsimile)
Akubuilolaw@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MASON<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA INC., A DELAWARE CORPORATION, GEORGE DOE, JOHN DOE 1<br><br>DOES 1 TO 25<br><br>Defendants. | CASE NO. 2:24-CV-02428 MRA(MARx).(rn)<br><br>STATE CASE NUMBER: 22STCV32319<br><br>PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 USC §1446, DECLARATION OF JUDE A. AKUBUILO<br><br>DATE: June 6, 2024<br>TIME: 1:30 PM<br>PLACE:<br><br>ASSIGNED TO THE HONORABLE JUDGE MONICA RAMIREZ ALMADANI |

Plaintiff Gregory Mason, by and through their attorney, Jude A. Akubuilo, hereby responds to the Notice of Removal of Action Pursuant to 28 U.S.C. §1441(b) (diversity) and 1446 by defendant Home Depot Inc with this Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446.

I

**RELEVANT PROCEDURAL HISTORY.**

This action was commenced in Los Angeles County Superior Court on October 3, 2022, in the matter entitled Gregory Mason vs. Home Depot USA Inc., and Does 1 to 25, inclusive, Los Angeles Superior Court Case Number 22STCV32319. Defendant Home Depot USA Inc was served with the summons and complaint on February 23, 2024. On March 21, 2024, Defendant Home Depot filed an answer in the state court action and thereafter on March 25, 2024, filed a notice of removal of the action to this court.

Plaintiff's complaint revolves around an incident at the Home Dept Store, where plaintiff was essentially assaulted and battered by an employee of Home Depot USA, along with ratification by a Manager of the defendant at the same location. Plaintiff alleges causes of action including, Premises Liability, General Negligence, Intentional Torts, Assault, and battery.

When the action was commenced, Plaintiff utilized the form complaint for personal injury actions authorized by the California Judicial Council. This form allows a litigant to simplify the complaint by checking off relevant prefilled boxes on the complaint.

In the complaint filed by the Plaintiff, Home Depot USA Inc., was the only named defendant. However, the complaint also named Does 1 to 25, against whom specific allegations were made. Plaintiff's complaint clearly alleges that Does 1 to 10 are business entities, while does 11 -25 are individuals. The complaint also makes clear that the allegations for Assault and Battery are against Does 1 to 25 only.

In the form complaint, plaintiff alleges that Does 1 to 25 "were the agents or employees of other named defendants and acted within the scope of that agency or employment." The complaint alleges in several portions that "Plaintiff Gregory Mason sustained severe injuries to his body when

he was punched and assaulted by employees or agents of Home Depot USA, Inc., located at 8801 La Cienega Blvd., Inglewood CA 90301. Defendants Does 1 to 25 Inclusive, punched Plaintiff repeatedly after falsely accusing him of shoplifting."

Although Plaintiff had made the allegations concerning the employees and agents of the defendant that caused his injury in the original complaint, upon receipt of the notice of removal, plaintiff felt it necessary to further elucidate on the relationship of the employee defendants and Home Depot USA Inc and the basis for the liability of said defendants. Plaintiff prepared a proposed First Amended Complaint and forwarded it to the defendant's counsel, in a bid to secure a stipulation for the filing of the FAC. A copy of the FAC is attached hereto as exhibit "1" and incorporated this reference. As of the time of the preparation of this motion, Plaintiff has not heard back from the defendant regarding the requested stipulation to the filing of the FAC. The agents and employees of the defendant alleged in the complaint, who caused harm to the plaintiff are citizens of the State of California, as more specifically set forth in the proposed FAC. Plaintiff requests the court to grant leave for the filing of the FAC and deem same filed.

**II**

**REQUIREMENTS OF 28 U.S.C. §§ 1446 AND 1447**.

28 U.S.C. § 1446 provides, in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1447 provides, in pertinent part:

© A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

This Motion for Remand has been filed within thirty days of removal; all procedural and jurisdictional objections are timely.

The burden of establishing removal jurisdiction is on the party seeking removal, not the party seeking remand to state court. It is also well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction, not the party moving for remand to state court to show that the requirements for removal have been met. The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. *Ethridge v. Harbor House Rest*., 861 F.2d 1389, 1393 (9th Cir. 1988). When there is doubt as to the right to removal in the first instance,

ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp.424, 427

(N.D.Tex.1992); see also, *Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981).

**III**

**THE ACTION SHOULD BE REMANDED TO STATE COURT BECAUSE THERE IS NO COMPLETE DIVERSITY BETWEEN THE PLAINTIFF AND ALL THE DEFENDANTS**

The action herein must be remanded to State Court because there is no complete diversity between the plaintiff and the defendants.

When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. Erection Co.v. Kroger,* 437 U.S. 365, 373-74, (1978).

As the defendant posits, in determining diversity, the court does not take into consideration the citizenship of doe defendants. 28 U.S.C. §1446(b). However, the accompanying statement that "The other defendants in this action are fictitiously named, designated as DOES 1 to 25, and their citizenship shall not be considered in determining diversity jurisdiction." is an inaccurate sweeping generalization of the law.

Cases have established that in spite of the general rule in 28 U.S.C. §1446(b), the court can and must consider the citizenship of named defendants, in situations where the true identity of

those unnamed defendants are unknown but there are specific allegations against such unnamed and doe defendants. This is more particularly true, where the complaint makes allegations against a corporation and alleges that the harm was caused by the employees of the corporation and set forth the manner in which the employees of the corporation caused the harm.

In *Marshall v. CSX Transportation Co.* 916 F. Supp. 1150 (M.D. Ala. 1995), the plaintiff filed a personal injury complaint against CSX as the named defendant. “The complaint also named several fictitious defendants. These fictitious defendants included "Fictitious Defendant `B,' whether singular or plural" whom the complaint described as "the engineer who was operating the train at the time of the incident described in the complaint, whose true and correct name is unknown to the plaintiff at this time, but which will be substituted by amendment when ascertained."

The main issue before the court was whether "Fictitious Defendant `B'" should be considered for diversity purposes.

The court reasoned that “However, subsequent to this amendment of the removal statute, courts have found that where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider the citizenship of the fictitious defendant. *Lacy v. ABC Ins. Co.*, No. CIV.A. 95-3122, 1995 WL 688786 at *3 (E.D.La. Nov. 17, 1995); *Brown v. TranSouth Financial Corp.*, 897 F. Supp. 1398, 1401-02 (M.D.Ala. 1995); *Tompkins v. Lowe's Home Ctr., Inc.*, 847 F. Supp. 462, 464 (E.D.La. 1994) (citing *Green v. Mutual of Omaha*, 550 F. Supp. 815, 818 (N.D.Cal. 1982)). Moreover, each of these courts has held that if a fictitious defendant is described in the plaintiff's complaint as "an individual who acted as a company's agent," then that employee should be considered as a named defendant for determining diversity jurisdiction. Id. Furthermore, the fact that the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the

commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity purposes. Lacy, 1995 WL 688786 at *3. In this regard, this court recently found that a court may assume that a corporation knows the identity and address of an employee acting as its agent when a plaintiff's cause of action is based on the acts of that employee. *TranSouth*, 897 F. Supp. at 1401."

Furthermore, "In the present case, although the plaintiffs did not become aware of the name and address of Mr. Patrick until a few days before the defendants filed a notice of removal, the court finds that CSX had or should have had full knowledge of the identity of the engineers who were conducting the train at the time of the accident well before it filed its notice of removal. Furthermore, CSX should also have had full knowledge of, or were in a better position to obtain, the citizenship of the conductors of the train well before it filed its notice of removal."

See also *Bryant v. Hardees Food Sys, Inc.*, 1999 WL 33537223, at *1 (N.D. Miss. Nov. 4, 1999); *Musial v. PTC Alliance Corp.*, 2008 WL 2559300.

In *Khorozian v. Hudson United Bancorp.*, 2007 WL 38697, at *3 (D.N.J. 2007), the court held that unnamed defendants designated as 'Employees, agents, bank officers, board members, members of the advisory board, and shareholders ... "were not clearly fictitious within the meaning of 28 U.S.C. section 1441.

The allegations in this action fall squarely within the rationale of these cases. In the original complaint, Plaintiff makes specific allegations against the unnamed defendant, including identifying who they are and the role they played in the incident. This goes beyond the generic doe defendant, where no allegation is made as to the doe defendant, but the doe defendants are not identified in any manner to give the other defendants an idea of the identity of the doe defendants. It is alleged that "Plaintiff Gregory Mason sustained severe injuries to his body when he was

punched and assaulted by **employees or agents of Home Depot USA, Inc.,** located at 8801 La Cienega Blvd., Inglewood CA 90301. Defendants Does 1 to 25 Inclusive, punched Plaintiff repeatedly after falsely accusing him of shoplifting.

Moreover, in the proposed FAC, there is a more detailed allegation about the identity of the agents and employees of the defendant that caused harm to the plaintiff, including allegations as to their citizenship and or residence. The defendant Home Depot Inc is in a position to know and identify its employees who were involved in the incident with the plaintiff, as well as their residence and citizenship. *TranSouth*, 897 F. Supp. at 1401. Unless the defendant Home Depot Inc is able to controvert the allegations as to the citizenship of its employees, so as to create a complete diversity fo citizenship, the motion to remand must be granted.

Defendant may argue that diversity is determined as of the time the removal was filed, and that the clarification in the FAC should not affect removal, the court, must in the exercise of judicial economy allow the amendment to the complaint to be filed. And if such an amendment defeats diversity, must remand the matter to the State Court. If the amendment and remand is not granted, plaintiff may be forced to file a separate action against the employees and agents of the defendant Home Depot Inc. when their full name has been ascertained. This is not only a waste of judicial resources but may also lead to inconsistent outcomes in the litigation.

Dated: April 24, 2024 LAW OFFICES OF JUDE A. AKUBUILO, PH.D

Jude A. Akubuilo
Attorneys for Plaintiff.

**DECLARATION OF JUDE A. AKUBUILO**

I, Jude A. Akubuilo declare, and state as follows:

I am an attorney and counselor at law admitted to practice before all the courts of the State of California and the attorney for the plaintiff in this matter. I made this declaration of my own knowledge and can testify competently thereto.

1. AS part of the practice of my office, a file is maintained in the ordinary course of business for the plaintiff's case. I am the custodian of the case file for the plaintiff, and I am familiar with its contents by that reason.

2. This action was commenced in Los Angeles County Superior Court on October 3, 2022, in the matter entitled Gregory Mason vs. Home Depot USA Inc., and Does 1 to 25, inclusive, Los Angeles Superior Court Case Number 22STCV32319. Defendant Home Depot USA Inc was served with the summons and complaint on February 23, 2024. On March 21, 2024, Defendant Home Depot filed an answer in the state court action and thereafter on March 25, 2024, filed a notice of removal of the action to this court.

3. Plaintiff's complaint revolves around an incident at the Home Dept Store, where plaintiff was essentially assaulted and battered by an employee of Home Depot USA, along with ratification by a Manager of the defendant at the same location. Plaintiff alleges causes of action including, Premises Liability, General Negligence, Intentional Torts, Assault and battery.

4. When the action commenced, my office utilized the form complaint for personal injury actions authorized by the California Judicial Council. This form allows a litigant to simplify the complaint by checking off relevant pre-filled boxes on the complaint.

5. In the complaint filed by the Plaintiff, Home Depot USA Inc., was the only named

defendant. However, the complaint also named Does 1 to 25, against whom specific allegations were made. Plaintiff's complaint clearly alleges that Does 1 to 10 are business entities, while Does 11 -25 are individuals. The complaint also makes clear that the allegations for Assault and Battery are against does 1 to 25 only.

6. In the form complaint, plaintiff alleges that Does 1 to 25 "were the agents or employees of other named defendants and acted within the scope of that agency or employment." The complaint alleges in several portions that "Plaintiff Gregory Mason sustained severe injuries to his body when he was punched and assaulted by employees or agents of Home Depot USA, Inc., located at 8801 La Cienega Blvd., Inglewood CA 90301. Defendants Does 1 to 25 Inclusive, punched Plaintiff repeatedly after falsely accusing him of shoplifting." A copy of the complaint is attached as exhibit "A' to the Notice of Removal filed by the defendants.

7. Although Plaintiff had made the allegations concerning the employees and agents of the defendant that caused his injury in the original complaint, upon receipt of the notice of removal, my office felt it necessary to further elucidate on the relationship of the employee defendants and Home Depot USA Inc and the basis for the liability of said defendant.

8. My office prepared a proposed First Amended Complaint and forwarded it to the defendant's counsel, in a bid to secure a stipulation for the filing of the FAC. A copy of the FAC is attached hereto as exhibit "1" and incorporated this reference.

9. As of the time of the preparation of this motion, I have not heard back from the defendant regarding the requested stipulation to the filing of the FAC. The agents and employees of the defendant alleged in the complaint, who caused harm to the plaintiff are citizens of the State of California, as more specifically set forth in the proposed FAC.

10. Plaintiff requests the court to grant leave for the filing of the FAC and deem same filed.

11. It is in the interest of judicial economy to deem the FAC filed and remand the matter back to State Court. Otherwise, Plaintiff will be forced to proceed against the employees and agents of Home Depot Inc., in a separate State Court Action.

12. Attached as Exhibit "A" is the proposed Amended Complaint.

13. Attached as Exhibit "B" is the correspondence requesting Defendant to stipulate to the filing of the First Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 24, 2024, at Torrance, California



Jude A. Akubuilo
Declarant

## PROOF OF SERVICE

I am a resident of California, over the age of eighteen years, and not a party to the within action. My business address is 3655 Torrance Blvd., Suite 300, Torrance, CA 90503. On this date, April 24, 2024, I served the within documents:

**PLAINTIFF, GREGORY MASON'S MOTION FOR REMAND**

**[ ]** BY MAIL: I placed each such sealed envelope, for collection and mailing at Torrance, California, following ordinary business practices. I am readily familiar with the practices for the processing of said mail, which is deposited in the United States Postal Service the same day as it is placed for processing.

**[ ]** BY PERSONAL: I caused each such envelope to be delivered by hand to the addressee(s) SERVICE: noted in this Proof of Service.

**[ ]** BY FEDEX I caused each such envelope to be delivered by Overnight/Express Delivery to the addressee(s) noted in this Proof of Service.

**[ ]** BY FACSIMILE: I caused said document to be transmitted by facsimile machine to the number indicated after the address noted or the addressee on the facsimile cover sheet.

**[X]** ONLY BY: Only by e-mailing the document(s) to the persons at the e-mail address(es) ELECTRONIC listed based on notice provided that, during the Coronavirus (COVlD-19) TRANSMISSION: pandemic, this office will be working remotely, not able to send physical mail as usual and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time (48 hours) after the transmission.

| | |
|---|---|
| KAREN LIAO, ESQ.<br>**MANNING KASS**<br>695 Town Center Dr., Suite 400<br>Costa Mesa, CA 92626<br>Main: (949) 440-6690 \| Direct: (949) 557-8642 | Attorney for Defendant, Home Depot Inc. |

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 24, 2023, at Torrance, California.

/S/

Jude Akubuilo

# Exhibit "A"

Jude A. Akubuilo
Law offices of Jude A. Akubuilo, Ph.D.
3655 Torrance Blvd., Suite 300
Torrance, Ca. 90503
310.406.3576 (telephone)
888.377.1995 (facsimile)
Akubuilolaw@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MASON<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA INC., A DELAWARE CORPORATION, GEORGE DOE, JOHN DOE 1<br><br>DOES 1 TO 25<br><br>Defendants. | CASE NO. 2:24-CV-02428<br><br>COMPLAINT FOR<br>1. ASSAULT<br>2. BATTERY<br>3. NEGLIGENCE<br>4. NEGLIGENT EMPLOYMENT |

Plaintiff alleges and pleads as follows.

ALLEGATION COMMON TO ALL CAUSES OF ACTION

1. Plaintiff Gregory Mason is and at all times herein relevant was a resident of the State of California.

2. Plaintiff is informed and believes and, based upon such information and belief, thereon allege that Defendant, George Doe is and at all times relevant was an individual resident in the County of Los Angeles, State of California and an employee of Home Depot U.S.A. Inc. (hereinafter GEORGE). Plaintiff is unaware of the true complete name of GEORGE and will amend this complaint when the same is ascertained.

3. Plaintiff is informed and believes and, based upon such information and belief, thereon allege that Defendant, John Doe 1 is and at all times relevant was an individual resident in the County of Los Angeles, State of California and an employee of Home Depot U.S.A. Inc. (hereinafter JOHN). Plaintiff is unaware of the true complete name of JOHN and will amend this complaint when the same is ascertained.

4. Defendant, Home Depot USA, Inc., is now and at all times herein relevant, was a corporation organized and existing under the laws of the State of Delaware and doing business in the County of Los Angeles (Hereinafter HOME DEPOT)

5. Plaintiff is informed and believes and based on such information and belief thereon alleges that Defendants GEORGE and JOHN at all times material to this incident were employees of Defendant HOME DEPOT, and were in the course and scope of their employment when the incident that gave rise to this lawsuit occurred.

6. The true names, capacities, or otherwise whether individuals, corporate, associate or otherwise of defendants Does 1 through 25, inclusive is unknown to plaintiff, who therefore sue said defendants by such fictitious names, and will ask leave of court to amend this complaint when the same have been ascertained, that plaintiff is informed and believe and upon such information and belief assert that each defendant designated herein as “DOE’ was responsible either negligently or in some other manner, for the events and happenings referred herein, which proximately caused injury and damages to the plaintiff as hereinafter alleged.

7. Defendants, GEORGE, JOHN, HOME DEPOT, Does 1 through 25 and each of them were at all times relevant herein, acting as the ostensible, actual or apparent agents, employees, officers and or directors of each of the other defendants and were acting within the course and scope of said employment, agency or the relationship. Plaintiff is informed and believe and based thereon allege that each of the defendants, consented to, ratified, approved and/or authorized the acts of each of the other

defendants as herein alleged.

FIRST CAUSE OF ACTION FOR ASSAULT AS AGAINST ALL DEFENDANTS

8. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 7, inclusive, of the allegations common to all causes of action as though fully set forth herein and made a part of the First Cause of Action for Assault as Against All Defendants.

9. On September 10, 2020, plaintiff was an invitee at the store of the defendant HOME DEPOT, located at 8801 La Cienega Blvd., Inglewood, Ca. 90301.

10. While plaintiff was trying to exit the store, plaintiff was approached by defendants GEORGE and JOHN, who accused plaintiff of stealing some items from the defendant's store.

11. Plaintiff protested the accusations of the defendants GEORGE and JOHN to no avail

12. Defendant GEORGE was acting in his capacity as the Manager of the Defendant HOME DEPOT store and the supervisor of defendant JOHN.

13. Defendant GEORGE instructed and instigated defendant JOHN not to allow the plaintiff to leave the store and further instructed JOHN to attack the plaintiff..

14. Defendants GEORGE and JOHN then approached the plaintiff in a threatening and menacing manner, with the intention of making physical contact with the plaintiff.

15. At the time of the act, defendants GEORGE and JOHN were well built men in relation to the plaintiff.

16. At the time, said defendants approached plaintiff in the threatening and menacing manner, plaintiff was helpless and defenseless and posed no threat of harm to the defendants

17. In doing the act as herein alleged, defendants GEORGE and JOHN intended to place the plaintiff in apprehension of great bodily harm.

18. As a result of GEORGE and JOHN's acts as herein alleged, plaintiff was placed in great apprehension of a harmful or offensive contact with his person by GEORGE and JOHN. The actions of GEORGE and JOHN was unwanted and without the consent of the plaintiff.

19. At the time of the incident, GEORGE and JOHN were acting in the course and scope of their employment with HOME DEPOT.

20. HOME DEPOT is strictly liable for the conduct of GEORGE since GEORGE was a Manager and Supervisor in HOME DEPOT with authority to act on behalf of HOME DEPOT. GEORGE was also the immediate Supervisor of defendant JOHN.

21. HOME DEPOT is further liable for the conduct of GEORGE and JOHN, in that the officers, directors and/or managing agent of the Defendant HOME DEPOT acting in their corporate or employment capacity acquiesced in and ratified the conduct of GEORGE and JOHN by amongst others, failing to call the police to the scene of the incident, failing to take action on the complaints by plaintiff about the conduct of GEORGE and JOHN, continuing to employ GEORGE and JOHN in their facility, failing to take any disciplinary actions against GEORGE and JOHN for the conduct alleged herein, not investigating the assault and battery of the plaintiff by GEORGE and JOHN, failing to cooperate with police and regulatory agencies regarding the conduct of GEORGE and JOHN. HOME DEPOT further attempted to shield damaging documents relating to the allegations against GEORGE and JOHN and sought to portray plaintiff as the aggressor in the incident.

22. As a result of the conduct of the defendants as herein alleged, plaintiff suffered great injury to his mind and body. In addition to his physical injuries, plaintiff was severely traumatized by the incident. Plaintiff has suffered and continues to suffer physical and mental anguish as a result of the acts of the defendants. Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his nervous system and person.

Plaintiff has suffered damages according to proof but above the jurisdictional minimum of this court.

SECOND CAUSE OF ACTION FOR BATTERY AS AGAINST ALL DEFENDANTS

22. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 21, inclusive, of the allegations as though fully set forth herein and made a part of the Second Cause of Action for Battery as Against All Defendants.

23. On September 10, 2020, after GEORGE and JOHN approached the plaintiff in a menacing and threatening manner with the intention of making physical contact with the plaintiff, JOHN, by himself and at the direction of GEORGE, punched the plaintiff on several parts of his body, including but not limited to the face and head and threw the plaintiff to the ground.

24. At the time of the occurrence, plaintiff did not pose any physical danger to the defendants.

25. The force used on the plaintiff by the defendants was unnecessary and/or unreasonable under the circumstances.

26. The acts of the defendants was unconsented to by the plaintiff.

27. At the time of the incident, GEORGE and JOHN were acting in the course and scope of their employment with HOME DEPOT.

28. HOME DEPOT is strictly liable for the conduct of GEORGE since GEORGE was a Manager and Supervisor in HOME DEPOT with authority to act on behalf of HOME DEPOT. GEORGE was also the immediate Supervisor of defendant JOHN.

29. HOME DEPOT is further liable for the conduct of GEORGE and JOHN, in that the officers, directors and/or managing agent of the Defendant HOME DEPOT acting in their corporate or employment capacity acquiesced in and ratified the conduct of GEORGE and JOHN by amongst others, failing to call the police to the scene of the

incident, failing to take action on the complaints by plaintiff about the conduct of GEORGE and JOHN, continuing to employ GEORGE and JOHN in their facility, failing to take any disciplinary actions against GEORGE and JOHN for the conduct alleged herein, not investigating the assault and battery of the plaintiff by GEORGE and JOHN, failing to cooperate with police and regulatory agencies regarding the conduct of GEORGE and JOHN. HOME DEPOT further attempted to shield damaging documents relating to the allegations against GEORGE and JOHN and sought to portray plaintiff as the aggressor in the incident.

29. As a result of the conduct of the defendants as herein alleged, plaintiff suffered injuries to his body and great injury to her mind and body. Plaintiff was severely traumatized by the incident and has suffered and continues to suffer mental anguish as a result of the acts of the defendant. Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his nervous system and person.

**THIRD CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST ALL DEFENDANTS**

30. Plaintiff realleges and incorporates by reference paragraph 1 through 29, inclusive, of the allegations common to All Causes of Action as Against All Defendants, the First Cause of action for Assault as Against All Defendants, Second cause of Action for Battery as Against All Defendants, as Against all Defendants, as though fully set forth herein and made a part hereof to the Third Cause of Action for Negligence as Against All Defendants.

31. Defendants had a duty to Plaintiff, an invitee to their Store, to use due care at or about the times of the aforementioned incident. Defendants negligently, carelessly and recklessly breached said duty of care by approaching the Plaintiff and falsely stating that Plaintiff had stolen their merchandise, by refusing to allow the plaintiff to leave the store, by approaching the plaintiff in a menacing manner, by punching the plaintiff and

throwing the plaintiff to the floor.

32. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff suffered severe injuries to his mind and body as alleged herein.

33. At the time of the incident as alleged above, defendants GEORGE and JOHN were employed by defendant HOME DEPOT, and were acting within the course and scope of their employment in doing the acts hereinbefore alleged.

34. HOME DEPOT is strictly liable for the conduct of GEORGE since GEORGE was a Manager and Supervisor in HOME DEPOT with authority to act on behalf of HOME DEPOT. GEORGE was also the immediate Supervisor of defendant JOHN.

35. HOME DEPOT is further liable for the conduct of GEORGE and JOHN, in that the officers, directors and/or managing agent of the Defendant HOME DEPOT acting in their corporate or employment capacity acquiesced in and ratified the conduct of GEORGE and JOHN by amongst others, failing to call the police to the scene of the incident, failing to take action on the complaints by plaintiff about the conduct of GEORGE and JOHN, continuing to employ GEORGE and JOHN in their facility, failing to take any disciplinary actions against GEORGE and JOHN for the conduct alleged herein, not investigating the assault and battery of the plaintiff by GEORGE and JOHN, failing to cooperate with police and regulatory agencies regarding the conduct of GEORGE and JOHN. HOME DEPOT further attempted to shield damaging documents relating to the allegations against GEORGE and JOHN and sought to portray plaintiff as the aggressor in the incident.

36. As a result of the conduct of the defendants as herein alleged, plaintiff suffered injuries to his body and great injury to her mind and body. Plaintiff was severely traumatized by the incident and has suffered and continues to suffer mental anguish as a result of the acts of the defendant. Plaintiff was hurt and injured in his health, strength and activity,

sustaining injuries to his nervous system and person.

FOURTH CAUSE OF ACTION FOR NEGLIGENT EMPLOYMENT, RETENTION AND SUPERVISION AS AGAINST HOME DEPOT

37. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 36, inclusive, of the allegations common to All Causes of Action as Against All Defendants, the First Cause of action for Assault as Against All Defendants, Second cause of Action for Battery as Against All Defendants, the Third Cause of Action for Negligence as Against all Defendants, as though fully set forth herein and made a part hereof to the Fourth Cause of Action for Negligence Employment, Retention and Supervision as Against HOME DEPOT.

38. Prior to September 2020, HOME DEPOT employed GEORGE and JOHN as employees and continuing therefrom. On or about September 10, 2020, GEORGE a assigned to work as a Manager/Supervisor at HOME DEPOT store, and JOHN was employed to work as a security personnel at HOME DEPOT's store where the incident alleged herein occurred. Both GEORGE and JOHN were assigned to and were expected to interact with invitees and customers such as the plaintiff. HOME DEPOT knew that other persons such as the plaintiff will have contact with GEORGE and JOHN and HOME DEPOT allowed such contact between GEORGE and JOHN and persons such as the plaintiff.

39. ANDREWS owed a duty of care to persons such as the plaintiff, to properly verify the qualifications and character of GEORGE and JOHN before assigning them to interact with persons including but not limited to the plaintiff.

40. In or about September 2020, HOME DEPOT breached that duty of care to the plaintiff by failing to conduct any or any proper background check on GEORGE and or JOHN prior to hiring them as employees and assigning them to work in a manner that will lead

to interaction with invitees such as the plaintiff.

41. Had HOME DEPOT conducted the necessary due diligence, they would have discovered the propensity of GEORGE and JOHN for violent conduct.

42. Defendant HOME DEPOT also had a duty to property train and supervise GEORGE and JOHN in the discharge of their duties and in their conduct towards invitees such as the plaintiff, fellow employees such as the plaintiff and to provide proper training and outline proper procedure in confronting customers.

43. In or about September 10, 2020, Defendant HOME DEPOT breached that duty when it failed to properly train and supervise GEORGE and JOHN in the discharge of their duties and in their conduct towards others and invitees to their store and continued to employ GEORGE and JOHN in violation of its own rules and policies regarding surveillance and confrontation of customers and invitees and continued to employ GEORGE and JOHN despite the previous violations of the rules and policies of HOME DEPOT by GEORGE and JOHN.

44. As a proximate result of the negligence of the HOME DEPOT as herein alleged, plaintiff was assaulted and battered by GEORGE and JOHN on September 10, 2020

45. As a result of the conduct of the defendant as herein alleged, plaintiff has suffered damages as hereinbefore alleged according to proof but above the jurisdictional minimum of this court.

Wherefor plaintiff prays for judgment as follows:

<u>ON THE FIRST CAUSE OF ACTION</u>:

1. For special damages in an amount according to proof.
2. For general damages in an amount according to proof.

<u>ON THE SECOND CAUSE OF ACTION</u>:

3. For special damages in an amount according to proof.
4. For general damages in an amount according to proof.

ON THE THIRD CAUSE OF ACTION:

5. For special damages in an amount according to proof.

6. For general damages in an amount according to proof.

ON THE FOURTH CAUSE OF ACTION:

7. For special damages in an amount according to proof.

8. For general damages in an amount according to proof.

ON ALL CAUSES OF ACTION:

9. For cost of suit incurred herein

10. For interest on all sums awarded;

11. For attorney fees as may be allowed by Statute; and

12. For such further and other relief as the Court may deem just and proper.

Dated: March 30, 2024 LAW OFFICES OF JUDE A. AKUBUILO, PH.D

Jude A. Akubuilo
Attorneys for Plaintiff.

# Exhibit "B"

Gmail

Jude Akubuilo <akubuilolaw@gmail.com>

## Gregory Mason v. Home Depot USA, Inc., et al.

**Jude Akubuilo** <akubuilolaw@gmail.com> Mon, Apr 22, 2024 at 2:46 PM
To: Karen Liao <Karen.Liao@manningkass.com>
Cc: Diane Esparza <Diane.Esparza@manningkass.com>, Blessing Aibor <support@akubuilolaw.com>
Bcc: "Victor Onwaeze Esq." <onwaeze@aol.com>

Dear Counsel:

Please see the attached. Kindly review and contact me at your earliest convenience. Thanks. Regards.
[Quoted text hidden]

**MEET AND CONFER-FIRST AMENDED COMPLAINT-04222024-FAC ATTACHED.pdf**
319K

LAW OFFICES OF

# JUDE A. AKUBUILO, PH.D.

A Professional Law Corporation

3655 Torrance Blvd., Suite 300
Torrance, CA 90503
Tel: (310) 406-3765
Fax: (888) 377-1995
Email: akubuilolaw@gmail.com

April 22, 2024

**Karen Liao, Esq.**
**MANNING KASS**
695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690 | Direct: (949) 557-8642
Karen.Liao@manningkass.com | manningkass.com

**RE: MASON V. HOME DEPOT, ET AL**

Dear Counsel:

When the complaint in this matter was filed, we utilized the form complaint approved by the judicial counsel. Upon further review, it has become apparent that a pleading form would have been more appropriate to fully set forth the factual allegations against all necessary entities that are liable for the injury to our client.

To accomplish this, it is necessary for us to file a first amended complaint in this action. Please find attached a copy of the first amended complaint that we would like to file. Please let us know if you will stipulate to the filing of the first amended complaint, so we can prepare the necessary stipulation for the parties' signatures.

As I informed you the other day, I am under the weather from my trip outside the country and was isolated for over a week. If you would like to discuss this issue, I have Mr. Ogochukwu Victor Onwaeze, assisting me in this regard, until I fully regain my strength. You can contact him at 213-738-5066 or via email at onwaeze@aol.com to discuss further towards a resolution.

**Ogochukwu Victor Onwaeze**
**Onwaeze Law Group, APC**
**3250 Wilshire Blvd. Suite 1500**
**Los Angeles, Ca. 90010**
**Tel.: 213-738-5066 Fax.: 213-402-2967**

Accept my warm regards.

Very Truly Yours,

*Jude A. Akubuilo, Ph.D.*
**Attorney at Law**

Jude A. Akubuilo
Law offices of Jude A. Akubuilo, Ph.D.
3655 Torrance Blvd., Suite 300
Torrance, Ca. 90503
310.406.3576 (telephone)
888.377.1995 (facsimile)
Akubuilolaw@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MASON<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA INC., A DELAWARE CORPORATION, GEORGE DOE, JOHN DOE 1<br><br>DOES 1 TO 25<br><br>Defendants. | CASE NO. 2:24-CV-02428<br><br>COMPLAINT FOR<br>1. ASSAULT<br>2. BATTERY<br>3. NEGLIGENCE<br>4. NEGLIGENT EMPLOYMENT |

Plaintiff alleges and pleads as follows.

ALLEGATION COMMON TO ALL CAUSES OF ACTION

1. Plaintiff Gregory Mason is and at all times herein relevant was a resident of the State of California.

2. Plaintiff is informed and believes and, based upon such information and belief, thereon allege that Defendant, George Doe is and at all times relevant was an individual resident in the County of Los Angeles, State of California and an employee of Home Depot U.S.A. Inc. (hereinafter GEORGE). Plaintiff is unaware of the true complete name of GEORGE and will amend this complaint when the same is ascertained.

3. Plaintiff is informed and believes and, based upon such information and belief, thereon allege that Defendant, John Doe 1 is and at all times relevant was an individual resident in the County of Los Angeles, State of California and an employee of Home Depot U.S.A. Inc. (hereinafter JOHN). Plaintiff is unaware of the true complete name of JOHN and will amend this complaint when the same is ascertained.

4. Defendant, Home Depot USA, Inc., is now and at all times herein relevant, was a corporation organized and existing under the laws of the State of Delaware and doing business in the County of Los Angeles (Hereinafter HOME DEPOT)

5. Plaintiff is informed and believes and based on such information and belief thereon alleges that Defendants GEORGE and JOHN at all times material to this incident were employees of Defendant HOME DEPOT, and were in the course and scope of their employment when the incident that gave rise to this lawsuit occurred.

6. The true names, capacities, or otherwise whether individuals, corporate, associate or otherwise of defendants Does 1 through 25, inclusive is unknown to plaintiff, who therefore sue said defendants by such fictitious names, and will ask leave of court to amend this complaint when the same have been ascertained, that plaintiff is informed and believe and upon such information and belief assert that each defendant designated herein as “DOE’ was responsible either negligently or in some other manner, for the events and happenings referred herein, which proximately caused injury and damages to the plaintiff as hereinafter alleged.

7. Defendants, GEORGE, JOHN, HOME DEPOT, Does 1 through 25 and each of them were at all times relevant herein, acting as the ostensible, actual or apparent agents, employees, officers and or directors of each of the other defendants and were acting within the course and scope of said employment, agency or the relationship. Plaintiff is informed and believe and based thereon allege that each of the defendants, consented to, ratified, approved and/or authorized the acts of each of the other

defendants as herein alleged.

FIRST CAUSE OF ACTION FOR ASSAULT AS AGAINST ALL DEFENDANTS

8. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 7, inclusive, of the allegations common to all causes of action as though fully set forth herein and made a part of the First Cause of Action for Assault as Against All Defendants.

9. On September 10, 2020, plaintiff was an invitee at the store of the defendant HOME DEPOT, located at 8801 La Cienega Blvd., Inglewood, Ca. 90301.

10. While plaintiff was trying to exit the store, plaintiff was approached by defendants GEORGE and JOHN, who accused plaintiff of stealing some items from the defendant's store.

11. Plaintiff protested the accusations of the defendants GEORGE and JOHN to no avail

12. Defendant GEORGE was acting in his capacity as the Manager of the Defendant HOME DEPOT store and the supervisor of defendant JOHN.

13. Defendant GEORGE instructed and instigated defendant JOHN not to allow the plaintiff to leave the store and further instructed JOHN to attack the plaintiff..

14. Defendants GEORGE and JOHN then approached the plaintiff in a threatening and menacing manner, with the intention of making physical contact with the plaintiff.

15. At the time of the act, defendants GEORGE and JOHN were well built men in relation to the plaintiff.

16. At the time, said defendants approached plaintiff in the threatening and menacing manner, plaintiff was helpless and defenseless and posed no threat of harm to the defendants

17. In doing the act as herein alleged, defendants GEORGE and JOHN intended to place the plaintiff in apprehension of great bodily harm.

18. As a result of GEORGE and JOHN's acts as herein alleged, plaintiff was placed in great apprehension of a harmful or offensive contact with his person by GEORGE and JOHN. The actions of GEORGE and JOHN was unwanted and without the consent of the plaintiff.

19. At the time of the incident, GEORGE and JOHN were acting in the course and scope of their employment with HOME DEPOT.

20. HOME DEPOT is strictly liable for the conduct of GEORGE since GEORGE was a Manager and Supervisor in HOME DEPOT with authority to act on behalf of HOME DEPOT. GEORGE was also the immediate Supervisor of defendant JOHN.

21. HOME DEPOT is further liable for the conduct of GEORGE and JOHN, in that the officers, directors and/or managing agent of the Defendant HOME DEPOT acting in their corporate or employment capacity acquiesced in and ratified the conduct of GEORGE and JOHN by amongst others, failing to call the police to the scene of the incident, failing to take action on the complaints by plaintiff about the conduct of GEORGE and JOHN, continuing to employ GEORGE and JOHN in their facility, failing to take any disciplinary actions against GEORGE and JOHN for the conduct alleged herein, not investigating the assault and battery of the plaintiff by GEORGE and JOHN, failing to cooperate with police and regulatory agencies regarding the conduct of GEORGE and JOHN. HOME DEPOT further attempted to shield damaging documents relating to the allegations against GEORGE and JOHN and sought to portray plaintiff as the aggressor in the incident.

22. As a result of the conduct of the defendants as herein alleged, plaintiff suffered great injury to his mind and body. In addition to his physical injuries, plaintiff was severely traumatized by the incident. Plaintiff has suffered and continues to suffer physical and mental anguish as a result of the acts of the defendants. Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his nervous system and person.

Plaintiff has suffered damages according to proof but above the jurisdictional minimum of this court.

SECOND CAUSE OF ACTION FOR BATTERY AS AGAINST ALL DEFENDANTS

22. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 21, inclusive, of the allegations as though fully set forth herein and made a part of the Second Cause of Action for Battery as Against All Defendants.

23. On September 10, 2020, after GEORGE and JOHN approached the plaintiff in a menacing and threatening manner with the intention of making physical contact with the plaintiff, JOHN, by himself and at the direction of GEORGE, punched the plaintiff on several parts of his body, including but not limited to the face and head and threw the plaintiff to the ground.

24. At the time of the occurrence, plaintiff did not pose any physical danger to the defendants.

25. The force used on the plaintiff by the defendants was unnecessary and/or unreasonable under the circumstances.

26. The acts of the defendants was unconsented to by the plaintiff.

27. At the time of the incident, GEORGE and JOHN were acting in the course and scope of their employment with HOME DEPOT.

28. HOME DEPOT is strictly liable for the conduct of GEORGE since GEORGE was a Manager and Supervisor in HOME DEPOT with authority to act on behalf of HOME DEPOT. GEORGE was also the immediate Supervisor of defendant JOHN.

29. HOME DEPOT is further liable for the conduct of GEORGE and JOHN, in that the officers, directors and/or managing agent of the Defendant HOME DEPOT acting in their corporate or employment capacity acquiesced in and ratified the conduct of GEORGE and JOHN by amongst others, failing to call the police to the scene of the

incident, failing to take action on the complaints by plaintiff about the conduct of GEORGE and JOHN, continuing to employ GEORGE and JOHN in their facility, failing to take any disciplinary actions against GEORGE and JOHN for the conduct alleged herein, not investigating the assault and battery of the plaintiff by GEORGE and JOHN, failing to cooperate with police and regulatory agencies regarding the conduct of GEORGE and JOHN. HOME DEPOT further attempted to shield damaging documents relating to the allegations against GEORGE and JOHN and sought to portray plaintiff as the aggressor in the incident.

29. As a result of the conduct of the defendants as herein alleged, plaintiff suffered injuries to his body and great injury to her mind and body. Plaintiff was severely traumatized by the incident and has suffered and continues to suffer mental anguish as a result of the acts of the defendant. Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his nervous system and person.

**THIRD CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST ALL DEFENDANTS**

30. Plaintiff realleges and incorporates by reference paragraph 1 through 29, inclusive, of the allegations common to All Causes of Action as Against All Defendants, the First Cause of action for Assault as Against All Defendants, Second cause of Action for Battery as Against All Defendants, as Against all Defendants, as though fully set forth herein and made a part hereof to the Third Cause of Action for Negligence as Against All Defendants.

31. Defendants had a duty to Plaintiff, an invitee to their Store, to use due care at or about the times of the aforementioned incident. Defendants negligently, carelessly and recklessly breached said duty of care by approaching the Plaintiff and falsely stating that Plaintiff had stolen their merchandise, by refusing to allow the plaintiff to leave the store, by approaching the plaintiff in a menacing manner, by punching the plaintiff and

throwing the plaintiff to the floor.

32. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff suffered severe injuries to his mind and body as alleged herein.

33. At the time of the incident as alleged above, defendants GEORGE and JOHN were employed by defendant HOME DEPOT, and were acting within the course and scope of their employment in doing the acts hereinbefore alleged.

34. HOME DEPOT is strictly liable for the conduct of GEORGE since GEORGE was a Manager and Supervisor in HOME DEPOT with authority to act on behalf of HOME DEPOT. GEORGE was also the immediate Supervisor of defendant JOHN.

35. HOME DEPOT is further liable for the conduct of GEORGE and JOHN, in that the officers, directors and/or managing agent of the Defendant HOME DEPOT acting in their corporate or employment capacity acquiesced in and ratified the conduct of GEORGE and JOHN by amongst others, failing to call the police to the scene of the incident, failing to take action on the complaints by plaintiff about the conduct of GEORGE and JOHN, continuing to employ GEORGE and JOHN in their facility, failing to take any disciplinary actions against GEORGE and JOHN for the conduct alleged herein, not investigating the assault and battery of the plaintiff by GEORGE and JOHN, failing to cooperate with police and regulatory agencies regarding the conduct of GEORGE and JOHN. HOME DEPOT further attempted to shield damaging documents relating to the allegations against GEORGE and JOHN and sought to portray plaintiff as the aggressor in the incident.

36. As a result of the conduct of the defendants as herein alleged, plaintiff suffered injuries to his body and great injury to her mind and body. Plaintiff was severely traumatized by the incident and has suffered and continues to suffer mental anguish as a result of the acts of the defendant. Plaintiff was hurt and injured in his health, strength and activity,

sustaining injuries to his nervous system and person.

FOURTH CAUSE OF ACTION FOR NEGLIGENT EMPLOYMENT, RETENTION AND SUPERVISION AS AGAINST HOME DEPOT

37. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 36, inclusive, of the allegations common to All Causes of Action as Against All Defendants, the First Cause of action for Assault as Against All Defendants, Second cause of Action for Battery as Against All Defendants, the Third Cause of Action for Negligence as Against all Defendants, as though fully set forth herein and made a part hereof to the Fourth Cause of Action for Negligence Employment, Retention and Supervision as Against HOME DEPOT.

38. Prior to September 2020, HOME DEPOT employed GEORGE and JOHN as employees and continuing therefrom. On or about September 10, 2020, GEORGE a assigned to work as a Manager/Supervisor at HOME DEPOT store, and JOHN was employed to work as a security personnel at HOME DEPOT's store where the incident alleged herein occurred. Both GEORGE and JOHN were assigned to and were expected to interact with invitees and customers such as the plaintiff. HOME DEPOT knew that other persons such as the plaintiff will have contact with GEORGE and JOHN and HOME DEPOT allowed such contact between GEORGE and JOHN and persons such as the plaintiff.

39. ANDREWS owed a duty of care to persons such as the plaintiff, to properly verify the qualifications and character of GEORGE and JOHN before assigning them to interact with persons including but not limited to the plaintiff.

40. In or about September 2020, HOME DEPOT breached that duty of care to the plaintiff by failing to conduct any or any proper background check on GEORGE and or JOHN prior to hiring them as employees and assigning them to work in a manner that will lead

to interaction with invitees such as the plaintiff.

41. Had HOME DEPOT conducted the necessary due diligence, they would have discovered the propensity of GEORGE and JOHN for violent conduct.

42. Defendant HOME DEPOT also had a duty to property train and supervise GEORGE and JOHN in the discharge of their duties and in their conduct towards invitees such as the plaintiff, fellow employees such as the plaintiff and to provide proper training and outline proper procedure in confronting customers.

43. In or about September 10, 2020, Defendant HOME DEPOT breached that duty when it failed to properly train and supervise GEORGE and JOHN in the discharge of their duties and in their conduct towards others and invitees to their store and continued to employ GEORGE and JOHN in violation of its own rules and policies regarding surveillance and confrontation of customers and invitees and continued to employ GEORGE and JOHN despite the previous violations of the rules and policies of HOME DEPOT by GEORGE and JOHN.

44. As a proximate result of the negligence of the HOME DEPOT as herein alleged, plaintiff was assaulted and battered by GEORGE and JOHN on September 10, 2020

45. As a result of the conduct of the defendant as herein alleged, plaintiff has suffered damages as hereinbefore alleged according to proof but above the jurisdictional minimum of this court.

Wherefor plaintiff prays for judgment as follows:

<u>ON THE FIRST CAUSE OF ACTION</u>:

1. For special damages in an amount according to proof.
2. For general damages in an amount according to proof.

<u>ON THE SECOND CAUSE OF ACTION</u>:

3. For special damages in an amount according to proof.
4. For general damages in an amount according to proof.

ON THE THIRD CAUSE OF ACTION:

5. For special damages in an amount according to proof.

6. For general damages in an amount according to proof.

ON THE FOURTH CAUSE OF ACTION:

7. For special damages in an amount according to proof.

8. For general damages in an amount according to proof.

ON ALL CAUSES OF ACTION:

9. For cost of suit incurred herein

10. For interest on all sums awarded;

11. For attorney fees as may be allowed by Statute; and

12. For such further and other relief as the Court may deem just and proper.

Dated: March 30, 2024 LAW OFFICES OF JUDE A. AKUBUILO, PH.D

Jude A. Akubuilo
Attorneys for Plaintiff.