Karen Liao (State Bar No. 256072)
*karen.liao@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
695 Town Center Dr., Ste 400
Costa Mesa, California 92626
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Defendant HOME DEPOT U.S.A., INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| GREGORY MASON,<br>Plaintiff,<br>v.<br>HOME DEPOT USA, INC,<br>Defendant. | Case No. 2:24-CV-02428-MRA(MARx)<br>Hon. Monica Ramirez Alamandi<br>**DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT; DECLARATION OF KAREN LIAO**<br>Date: June 6, 2024<br>Time: 1:30 p.m. |

Defendant HOME DEPOT U.S.A., INC. ("Defendant") respectfully submits the following Opposition to the Motion for Remand to State Court ("Motion") filed by Plaintiff GREGORY MASON ("Plaintiff").

## I. INTRODUCTION

The Court should deny Plaintiff's Motion because Defendant has established by a preponderance of the evidence that Plaintiff's claims are over $75,000 in controversy, and there is complete diversity of citizenship.

Plaintiff argues in his Motion that "the court can and must consider the citizenship of named defendants, in situations where the true identity of hose unnamed

defendants are unknown but there are specific allegations against such unnamed and doe defendants." As explained below, even if the Court was to consider Plaintiff's assertion, Plaintiff has failed to sufficiently identify the Doe Defendants, even in the proposed First Amended Complaint. As such, The Court should deny Plaintiff's Motion.

## II. THIS COURT HAS DIVERSITY-OF-CITIZENSHIP REMOVAL JURISDICTION

This Court should deny Plaintiff's Motion for Remand because: (1) this Court has original jurisdiction of this case on the grounds that (a) the requisite $75,000.00 amount in controversy is met; (b) there is complete diversity among each named Plaintiff and Defendant; and (2) the citizenship of fictitious defendants shall be disregarded for the purposes of removal. The Court has diversity jurisdiction over this matter. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Both of those requirements are met here.

First, the parties are completely diverse. Defendant, the only non-fictitious defendant, is incorporated in Delaware with its principal place of business in Georgia. Declaration of Liao ¶ 2, *see also* 28 U.S.C. § 1441(b)(1), ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). As stated in his Motion, Plaintiff is a citizen of California. Further, the amount in controversy exceeds $75,000 in this action. Plaintiff does not dispute this. As such, the requirement of complete diversity is therefore satisfied.

Further, 28 USC § 1441(a) provides, in part:

> … [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. **For purposes of removal under this chapter, the citizenship**

MANNING | KASS

**of defendants sued under fictitious names shall be __disregarded__.** (Emphasis added.)

The statute is clear that parties can disregard the citizenship of fictitious "Doe" defendants for removal purposes. *See Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Therefore, because there is complete diversity in this matter and because the Court should disregard the fictitious defendants' citizenship for purposes of removal, the Court should deny Plaintiff's Motion.

## III. __THE CITIZENSHIP OF "DEFENDANTS DOES 1 - 25" MUST BE DISREGARDED__

Plaintiff argues that his reference to the Fictitious Defendant is sufficient to identify a specific person simply because the Does were "employees and agents of Home Depot USA, Inc." Plaintiff then argues that removal was improper because diversity jurisdiction is lacking, as Plaintiff and Defendants Does are residents of California.

"While some courts find the language of § 1441 preclusive, others find a distinction exists between 'fictitious' and real party Does that requires greater scrutiny." *Johnson v. Starbucks Corp*., 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020). Courts that consider this distinction assess whether the "[p]laintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Gardiner Family,* 147 F. Supp. 3d at 1036; *see also Johnson v. Starbucks Corp.,* 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020); *Sandoval v. Republic Servs., Inc.,* No. 18-cv-01224-ODW (KSx), 2018 WL 1989528, at *3–4 (C.D. Cal. Apr. 24, 2018) ("[W]hen a plaintiff's allegations give a definite

clue about the identity of the fictitious defendant ... the court should consider the citizenship of the fictitious defendant."); *Robinson v. Lowe's Home Ctrs., LLC*, No. 1:15-cv-1321-LJO (SMSx), 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015) (considering whether allegations "provide a reasonable indication" of Doe defendants' "identity, the relationship to the action, and their diversity- destroying citizenship).

In *Sandoval v. Republic Servs., Inc.*, the court found that, unlike the vague and unspecific allegations here, plaintiff named a Doe Defendant by name ("Chris") and with particular specificity, including: identifying him as a coworker and a member of the plaintiff's specific department at the company's office in California during the dates of her employment and all the relevant events, and specifically referencing complaints filed in relation to Chris and conversations she had with supervisors regarding him, in addition to naming another employee who expressed similar issues with his behavior. *Sandoval*, 2018 WL 1989528, at *3.

Here, however, where the Plaintiff has failed to give a "definite clue" about the identity of the Doe Defendants, their citizenship is not relevant to the removal analysis. *See Sandoval*, 2018 WL 1989528, at *3–4; *see also Garia v. Walmart*, 2022 WL 796197, at *2 (C.D. Cal. Mar. 16, 2022). Without providing identifying details, Plaintiff's allegations could instead be directed at any Home Depot employee working on the day of the incident. Even Plaintiff's proposed First Amended Complaint is ambiguous and falls short of providing a "definite clue" as to the identity of the fictitious defendants. *See Sandoval*, 2018 WL 1989528, at *3–4.

Plaintiffs' reliance on *Marshall v. CSX Transportation Co., Inc.*, 916 F.Supp. 1150 (M.D. Ala. 1995) fares no better. Under *Marshall*, a court may consider the citizenship of a fictitious defendant where "a plaintiff's complaint provides a description of the fictitious defendant such that his or her identity **cannot reasonably be questioned**… ." (*Id* at 1152; emphasis added.) Again, the assertion that the Does were "employees and agents of Home Depot USA, Inc." is not descriptive enough



MANNING | KASS

and can be directed at any Home Depot employee. As such, Plaintiff fails to meet the requirement set in *Marshall*.

Thus, without any certainty as to who the Doe employees could be, under § 1441(b)(1) and Ninth Circuit precedent, the citizenship of these fictitious Defendants cannot be used to defeat diversity jurisdiction.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiff's Motion.

DATED: May 16, 2024

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Karen Liao
Karen Liao
Attorneys for Defendant HOME DEPOT U.S.A., INC.

MANNING | KASS

MANNING | KASS

## DECLARATION OF KAREN LIAO

I, Karen Liao, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner at Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant HOME DEPOT U.S.A., INC. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Defendant Home Depot U.S.A., Inc.'s Opposition to Plaintiff's Motion for Remand to State Court.

2. Home Depot U.S.A., Inc. is a Delaware corporation with a principal place of business in Georgia. The California Secretary of State identifies Home Depot U.S.A,, Inc. as a Delaware Corporation with its principle address at 2455 Paces Ferry Road, Atlanta, GA 30339.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of May, 2024, at Costa Mesa, California.

/s/ Karen Liao
Karen Liao

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On May 16, 2024, I served true copies of the following document(s) described as **DEFENDANT HOME DEPOT U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT; DECLARATION OF KAREN LIAO** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jude Agozie Akubuilo**
  akubuilolaw@gmail.com
- **Karen Liao**
  karen.liao@manningkass.com,wendy.combs@manningkass.com,kxl@manningllp.com
- **Gregory Mason**
  akubuilolaw@gmail.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2024, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

MK MANNING | KASS