UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 24-cv-02428-MRA (MAR) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Gregory Mason v. Home Depot U.S.A., Inc., et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [ECF 8]**

Before the Court is Plaintiff George Mason's Motion to Remand (the "Motion"), filed on April 24, 2024. ECF 8. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. The hearing was therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2022, Plaintiff filed this action against Defendants Home Depot USA, Inc. ("Home Depot") and Does 1 to 25 Inclusive in the Superior Court of California, County of Los Angeles. ECF 1-1 at 9, 15. The Complaint alleged that, on September 10, 2020, the following occurred:

> Plaintiff, Gregory Mason sustained severe injuries to his body when he was punched and assaulted by employees or agents of Home Depot USA, Inc., located at 8801 La Cienega Blvd., Inglewood CA 90301. Defendants Does 1 to 25 Inclusive, punched Plaintiff repeatedly after falsely accusing him of shoplifting. Defendants did not call law enforcement agents but took matters in their hands by punching and assaulting Plaintiff. The incident occurred also due to the negligence in hiring, training and retaining unqualified staff by Home Depot., their owners, agents and assigns, causing Plaintiff injuries.

*Id*. at 12. In support of Plaintiff's negligence and intentional tort claims, the Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 24-cv-02428-MRA (MAR) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Gregory Mason v. Home Depot U.S.A., Inc., et al. | | |

also alleged that Plaintiff suffered "serious injuries, including a fractured nose." *Id.* at 13-14.

On February 23, 2024, Plaintiff served Defendant Home Depot with the Summons and Complaint; and on March 25, 2024, Home Depot timely removed the matter to this Court based on diversity jurisdiction. ECF 1 ¶¶ 2, 5, 9.

On April 24, 2024, Plaintiff filed the instant Motion to Remand the case to state court for lack of complete diversity based on the identities of the Doe Defendants. ECF 8. Plaintiff attached to his Motion a proposed First Amended Complaint ("FAC"), which includes additional details about the Home Depot employees who allegedly assaulted and injured Plaintiff.[1] *Id.* at 3, 14. Specifically, the proposed FAC identifies **two** Home Depot employees, "George Doe" and "John Doe 1," and notes that "Plaintiff is unaware of the true and complete name[s] of [each of them.]" *Id.* at 14 ¶ 2, 15 ¶ 3. It goes on to explain, however, the roles and specific actions of each employee:

- "Defendants George and John at all times material to this incident were employees of Defendant Home Depot, and were in the course and scope of their employment when the incident that gave rise to this lawsuit occurred." *Id.* at 15 ¶ 5.

- At the time of the incident, George "was acting in his capacity as the Manager of the Defendant Home Depot store and the supervisor of defendant John." *Id.* at 16 ¶ 12.

- John was employed to work as a security personnel at the store. *Id.* at 21 ¶ 38.

- While Plaintiff was trying to exit the store, George and John "approached" him and "accused [him] of stealing some items from [the] store." *Id.* at 16 ¶ 10.

- "George instructed and instigated [] John to not allow Plaintiff to leave the store, and further instructed John to attack Plaintiff." *Id.* at 16 ¶ 13.

---

[1] Plaintiff states that he forwarded the proposed FAC to Defendant but, as of the time Plaintiff filed his Motion, had not heard back from Defendant regarding his requested stipulation to the filing of the FAC. ECF 8 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 24-cv-02428-MRA (MAR) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Gregory Mason v. Home Depot U.S.A., Inc., et al. | | |

- "John, by himself and at the direction of George, punched the plaintiff on several parts of his body . . . and threw the plaintiff to the ground." *Id.* at 18 ¶ 23.

- Plaintiff describes both George and John as "well built men in relation to the plaintiff." *Id.* at 16 ¶ 15.

- "Both George and John were assigned to and were expected to interact with invitees and customers such as the plaintiff." *Id.* at 21 ¶ 38.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only exercise jurisdiction when authorized by the Constitution or a statute. *Id*.

A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity among opposing parties.[2] 28 U.S.C. § 1332(a)(1). Complete diversity exists only when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For purposes of diversity jurisdiction, individuals' state citizenship is "determined by [their] state of domicile": the place where they "reside[] with the intention to remain[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." (citation omitted)); *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW(KSx), 2018 WL 1989528, at *2 (C.D. Cal. Apr.

---

[2] The Parties do not dispute that the amount in controversy exceeds $75,000. *See* ECF 1 ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 24-cv-02428-MRA (MAR) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Gregory Mason v. Home Depot U.S.A., Inc., et al. | | |

24, 2018). A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart*, 529 F.2d at 1065.

## III. ANALYSIS

Plaintiff asserts that the citizenship of the Doe Defendants described in the Complaint and proposed FAC destroys complete diversity. ECF 8 at 3, 8. Defendant disagrees and argues that the citizenship of Does must be disregarded because Plaintiff, in both the Complaint and the proposed FAC, fails to give a "definite clue" about the identity of the Doe Defendants. ECF 9 at 4.

Under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded." *Id.* "However, when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court *should* consider the citizenship of the fictitious defendant." *Sandoval*, No. 2018 WL 1989528, at *3 (quoting *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017)) (internal quotation marks omitted). "This is particularly true when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant." *Sandoval*, 2018 WL 1989528, at *3 (citing *Collins*, 2017 WL 2734708, at *2). "As a matter of policy, it is unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information." *Id.* (quoting *Collins*, 2017 WL 2734708, at *2) (internal quotation marks omitted).

Courts have found that a plaintiff provided a "definite clue" about Doe defendants' identities where an individual was identified as performing a specific job, or where the plaintiff provided specific details about the location, dates, and particular events in the case—that is, details such that the identity of a fictitious defendant "cannot reasonably be questioned." *Id.* at *4 (citing *Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL 2559300, at *4 (W.D. Ky. June 25, 2008); *Collins*, 2017 WL 2734708, at *2; *Marshall v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 24-cv-02428-MRA (MAR) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Gregory Mason v. Home Depot U.S.A., Inc., et al. | | |

*CSX Transp. Co.*, 916 F. Supp. 1150, 1151 (M.D. Ala. 1995)).

The Complaint alleged that Plaintiff was punched and assaulted "by employees or agents of Home Depot USA" at a particular location (8801 La Cienega Blvd., Inglewood CA 90301) and on a particular day (September 10, 2020). ECF 1-1 at 12. The Complaint named "Defendants Does 1 to 25," but did not specify which employees were directly involved in the incident. *Id.* at 12-14.

The proposed FAC, on the other hand, alleges additional details that provide a "definite clue" as to the employees involved in the incident – the Does in the case. First, the FAC specifically identifies and describes *two* Doe Defendants: "George Doe" and "John Doe 1." ECF 8 at 14 ¶ 2, 15 ¶ 3. It includes each Defendant's job title or role: Manager and Security Personnel, respectively. *Id.* at 16 ¶ 12; 21 ¶ 38. It describes their specific actions with respect to Plaintiff: that George and John approached Plaintiff and accused him of stealing from the store, *id.* at 16 ¶ 10; George instructed John to not allow Plaintiff to leave the store, and to attack Plaintiff, *id.* at 16 ¶ 13; and John then punched Plaintiff repeatedly, *id.* at 18 ¶ 23. The FAC also provides some physical description of both employees: both were "well built men in relation to Plaintiff." *Id.* at 16 ¶ 15.

The specific store location where Defendants worked, in what capacity they were employed, and the date of the incident—in addition to the descriptions of what Defendants did at the time of the incident—are all "definite clue[s]" about the identity of Doe Defendants. *See, e.g.*, *Sandoval*, 2018 WL 1989528, at *3 (finding that descriptors of a Doe defendant's particular job function, actions that caused injury to the Plaintiff, and specifics about location, dates, and particular events, were sufficient to provide "definite clues" about a Doe defendant's identity, such that it could be considered for purposes of diversity jurisdiction); *Collins*, 2017 WL 2734708, at *2 (holding that, where a complaint identified a specific store location where Doe defendant was employed, in what capacity, and the particular date of employment, it had identified Doe defendant in a way such that "her identity cannot reasonably be questioned").

Indeed, "[b]ecause the FAC alleges sufficient facts regarding Doe Defendants to establish that they are *real parties* with a relationship to this action and not wholly fictitious, their California citizenship should not be disregarded." *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1084 (C.D. Cal. 2020) (emphasis added). In particular,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 24-cv-02428-MRA (MAR) | Date | June 17, 2024 |
|---|---|---|---|
| Title | Gregory Mason v. Home Depot U.S.A., Inc., et al. | | |

because Home Depot is a corporate employer, its employment records should suffice to specifically identify these employees. *Collins*, 2017 WL 2734708, at *3 (holding that, where Plaintiff described location, job role, and date of employment of Doe defendant, the employer "defendant knew or should have known the identity of [Doe defendant] because that person was employed by defendant"); *cf. Marshall*, 916 F. Supp. at 1152 (agreeing with multiple other district courts in determining that "if a fictitious defendant is described in the plaintiff's complaint as 'an individual who acted as a company's agent,' then that employee should be considered as a named defendant for determining diversity jurisdiction").

The proposed FAC alleges that George and John Doe are California residents. ECF 8 at 14 ¶ 2, 15 ¶ 3. Because these employees work or worked at the Inglewood, CA Home Depot store where the incident giving rise to this lawsuit occurred, the Court agrees that it is reasonable to conclude that they are likely domiciled in California, which would destroy complete diversity jurisdiction. *See, e.g.*, *Sandoval*, 2018 WL 1989528, at *4 (finding that, where a defendant resided in and worked at a California location, his place of domicile is likely California, and so diversity jurisdiction did not exist). Any doubts about the Court's jurisdiction must be resolved in favor of remand. *See Gaus*, 980 F.2d at 566; *Libhart*, 592 F.2d at 1064; *Moore-Thomas*, 553 F.3d at 1244.

IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. The Court **ORDERS** this case be remanded to the Superior Court of California, County of Los Angeles.

                                                                              - : -

                                                    Initials of Deputy Clerk    gga